# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

DAVID ALLEN LILLARD,                )
                                     )
    Plaintiff,               )
                                     )
v.                                   )          No. 4:20-CV-1303-CDP
                                     )
MO DOC, et al.,                      )
                                     )
    Defendants.              )

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of self-represented plaintiff David Allen Lillard, an incarcerated person at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this action without pre-payment of the required filing fee. Having reviewed the application and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $44.03. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

### Initial Filing Fee Under Prison Litigation Reform Act

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. §

1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is paid in full.  *Id.*

In support of the motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $220.17.  The Court will therefore assess an initial partial filing fee of $44.03, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  An action is frivolous if it "lacks an arguable basis in either law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id.* at 679.  The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone*

*v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  However, even pro se complaints must allege facts

which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286

(8th Cir. 1980).  Federal courts are not required to assume facts that are not alleged, *Stone*, 364

F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those

who proceed without counsel.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff files this civil action pursuant to 42 U.S.C. § 1983 against defendant Missouri

Department of Corrections ("MODOC"), in its official capacity, and defendant Correctional

Officer Easton Clark, in his individual capacity.  Plaintiff states that on April 27, 2020, he was in

protective custody at ERDCC.  He states defendants "failed to protect [him] from general

population while getting ice."  Although the facts are unclear, it seems plaintiff was in the sally

port of Housing Unit One while on his trip to get ice.  He was attacked in the sally port by an

inmate from the general population.  Plaintiff suffered injuries to his left face and left eye.  Plaintiff

states "Department of Corrections failed to give me my [safety] while in protective custody unit.

[Due] to lack of correspondence with officers for my [safety.]"

For relief, plaintiff seeks $500,000 from MODOC and $50,000 from defendant Officer

Clark.

### Discussion

Being subjected to assault is not part of the penalty that criminal offenders must pay for

their offenses.  *Young v. Selk*, 508 F.3d 868, 871 (8th Cir. 2007).  As such, prison inmates have a

clearly established Eighth Amendment right to be protected from violence by other inmates.  *Curry

v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000).  Prison officials must take reasonable measures to

guarantee inmate safety and to protect prisoners from violence at the hands of other prisoners.

*Berry v. Sherman*, 365 F.3d 631, 633-34 (8th Cir. 2004).  However, not every injury suffered by

-3-

one prisoner at the hands of another prisoner translates into constitutional liability.  *Whitson v. Stone Cty. Jail*, 602 F.3d 920, 923 (8th Cir. 2010).  "Rather, prison officials violate the Eighth Amendment only when they exhibit a deliberate or callous indifference to an inmate's safety." *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018).

To prove an Eighth Amendment violation, an inmate must meet two requirements, one objective and one subjective.  *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008).  The first requirement is that, viewed objectively, the alleged deprivation of rights is sufficiently serious. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  The second requirement is a subjective inquiry, and requires that the prisoner prove that the prison official had a "sufficiently culpable state of mind."  *Id.*  "A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Lenz v. Wade*, 490 F.3d 991, 995 (8th Cir. 2007).

(a)   *Defendant MODOC*

Plaintiff's claim against MODOC must be dismissed for failure to state a claim.  MODOC is a state agency, and is not a "person" for purposes of § 1983.  "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights."  *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008); *see also Deretich v. Office of Admin. Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only").  However, "neither a State nor its officials acting in their official capacity are 'persons' under § 1983."  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "State is not a person under § 1983"). Furthermore, an agency exercising state power is also not a person subject to suit under § 1983.

-4-

*See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991).  For this reason, the Court will dismiss plaintiff's claims against defendant MODOC.

     *(b)     Defendant CO Easton Clark*

     Plaintiff's claims against defendant CO Easton Clark are also subject to dismissal for failure to state a claim.  Liability in a § 1983 case is personal.  *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017).  In other words, "[g]overnment officials are personally liable only for their own misconduct."  *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015).  As such, § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because none of the defendants set plaintiff's bail, and therefore, "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights).  To that end, a plaintiff must allege facts connecting the defendant to the challenged action.  *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019).

     Plaintiff has made no factual allegations against defendant Clark.  Plaintiff lists defendant Clark as a defendant in the caption of the complaint; however, he does not mention defendant Clark in his statement of claim.[1]  The Court has no information from which it could hold defendant Clark liable for failing to protect plaintiff in the sally port on April 27, 2020.  Plaintiff has not alleged any facts to support any inference that defendant Clark knew of and disregarded an excessive risk to the safety of plaintiff or that he actually drew that inference.  The Court does not know, for example, if defendant Clark was present for or witnessed the attack on plaintiff.

---

[1] Although plaintiff identified Clark as a Correctional Officer employed by MODOC, the Court does not know whether CO Clark works at ERDCC where the alleged attack occurred.

To the extent the Court can assume that defendant Clark was present during the attack, which has not been alleged, plaintiff still fails to state a claim for failure to protect against defendant Clark. Plaintiff states that he was attacked by a general population inmate "[due] to lack of correspondence with officers for my [safety]." The mere lack of correspondence between correctional officers falls short of alleging that prison officials had a "sufficiently culpable state of mind" to establish a failure to protect. *Farmer*, 511 U.S. at 834. To state a plausible claim for failure to protect, plaintiff must allege sufficient facts to demonstrate defendant Clark knew of and disregarded an excessive risk to plaintiff's health or safety. Plaintiff has not alleged any such facts. Viewing all facts in the light most favorable to plaintiff, plaintiff alleges that a lack of correspondence between correctional officers at ERDCC caused him to be attacked by another inmate. These facts do not establish culpability sufficient to state a claim for failure to protect in violation of the Eighth Amendment. For this reason, plaintiff's claims against defendant Clark will be dismissed on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $44.03 within thirty (30) days of the date of this Memorandum and Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that on initial review pursuant to 28 U.S.C. § 1915(e), plaintiff's complaint is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (ECF No. 3) is **DENIED as moot**.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 5th day of February, 2021.


CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE